# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marlon J. Baines,<br><br>　　　　　　　　　Plaintiff,<br>　vs.<br><br>Thomas Maddock, J. Goebel, R. Caprio, M.E. Ortiz, et al.,<br>　　　　　　　　　Defendants. | CIV. NO. 98-cv-256-B (JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE CERTAIN EXHIBITS AND WITNESSES**<br><br>[Docket No. 393] |

On September 18, 2007, the Court convened a motion hearing on Defendants' motion *in limine* to exclude certain exhibits listed on Plaintiff's amended exhibit list and certain witnesses disclosed during the parties' meet and confer process.[1] Plaintiff Baines appeared by telephone. The Court announced its rulings in the course of the hearing, and issues this Order to memorialize those *in limine* rulings.

The Court GRANTS the motion to exclude Plaintiff's Exhibit 1 (Prison Litigation Reform Act of 1995), Exhibits 2 to 7 (California Code of Regulations, title 15, various §§ 3004-3291), and Exhibit 80 (California Code of Regulations on securing and rehabilitating inmates) on the grounds that they are irrelevant and would confuse the jury. Fed. R. Evid.

---

[1] The parties were able to agree that several exhibits were admissible, including Plaintiff's Exhibits 8-11, 21, 65-67, 70-73, 78-79, 81-82, and 86, as well as Defendants' Exhibits A-G, J, K, and N. Defs.' Mot. *In Limine* Br. at 1.

- 1 -　　　　　　　　　　　　　　　　　　　　　　　　　　　　98cv256

1  404.  Defendants' shall provide a witness who can explain the administrative appeals process
2  to the jury or the parties shall meet and confer to prepare a stipulation to that effect.  The
3  Court will instruct the jury on the necessary elements of the defense of failure to exhaust
4  administrative remedies.  The Court DENIES the related motion to exclude H. Grant, the
5  Appeals Coordinator at Calipatria Prison, as a potential witness on the subject of the
6  procedures in place at the time Baines filed his administrative appeal, for example, the
7  procedures for processing institutional mail on the administrative segregation unit ("Ad Seg
8  Unit").  The Court, however, reminds Plaintiff that he will only have two trial days in which
9  to present his case and that he should use his time wisely.

10       The Court GRANTS the motion to exclude Plaintiff's Exhibits 12 (appeal form), 13
11  (Baines' Letter Requesting Assistance with his Appeal), Exhibit 15 (Baines' Letter
12  Requesting an Interview), and Exhibit 19 (Baines' complaint that Ad Seg Unit did not follow
13  procedures for inmate grievances) on the ground that they are not properly authenticated.
14  Fed. R. Evid.803(6); *see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d
15  1542 (9th Cir. 1989).  Specifically, the documents do not show that they were received by the
16  prison.  Similarly, the Court GRANTS the motion to exclude Plaintiff's Exhibit 14 (appeal
17  form) on the ground that it is not authenticated and also because it is irrelevant.  Fed. R.
18  Evid. 402 & 803(6).  That December 16, 1996 appeal form pre-dates and does not concern
19  the December 22, 1996 incident at issue in this trial.

20       The Court DENIES the motion to exclude Plaintiff's Exhibits 16 and 17 (appeal
21  forms).  These forms are authenticated.  They concerns the process in which Calapatria
22  prison processed and handled the appeals.  Plaintiff has proffered a theory to show the
23  relevance of the document that the prison repeatedly lost appeal documents.  Plaintiff stated
24  that he would question witness Janda about these documents.  For similar reasons, the Court
25  DENIES the motion to exclude Plaintiff's Exhibit 18 (request for legal documents/"602
26  Procedure").  It is authenticated and is relevant to Baines' claim that he was not receiving his
27  mail in the Ad Seg Unit.

28       Plaintiff concedes that his Deposition Transcript – Plaintiff's Exhibit 74 – cannot be

used in his case-in-chief because he will be a live witness at the trial. *See* Fed. R. Civ. Pro. 32(a)(3)(e). For the same reason, the Court also excludes Plaintiff's Exhibit 20 (another portion of the deposition transcript). Defendants' may, however in appropriate situations use the depositions for impeachment purposes. Fed. R. Civ. Pro. 32(a)(2).

The Court DENIES the motion to exclude proposed witnesses Cooper and Valencia. *See e.g.,* Plaintiff's Exhibit 68 at page 3 (listing Valencia as witness to Dec. 22, 1996 incident).

The Court DENIES IN PART the motion to exclude Plaintiff's Exhibit 29. Plaintiff may use Page 18 of the Incident Report Log describing the Dec. 22, 1996 incident between Baines and Reyes. The other forty pages are irrelevant and would confuse the jury. Fed. R. Evid. 402, 403. Similarly, the Court GRANTS the motion to exclude Plaintiff's Exhibit 30. This is Baines' hand-written summary of the incidents on the yard. Plaintiff may question the live witnesses about the frequency of incidents on the exercise yard, the level of violence, and the integration policy, but may not enter into evidence the long list of other violent incidents between inmates except for those in which named Defendants Ortiz, Carpio, or Goebel were involved. *See* Order. [# 322]

The Court GRANTS the motion to exclude Plaintiff's Exhibits 31 to 38 and 41 to 49 because the declarations of other inmates are hearsay. Fed. R. Evid. 802. In addition, Plaintiff was given ample opportunity to contact proposed witnesses, to establish if they had any relevant testimony, and, if appropriate, to arrange for their depositions. *See* Orders and related filings. [# 329, 336, 338, 348, 357, 365, 371] The Court DEFERS ruling on Plaintiff's Exhibits 39 and 40 and witnesses Steven Lee and Officer W. Brumbaugh. The admissibility of these exhibits and witnesses depends upon the outcome of the separate motion *in limine* to exclude Steven Lee as a witness. *See* Defs.' Mot. *In Limine* to Exclude Lee's Testimony [# 384]; Report and Recommendation on same [# 405].

The Court GRANTS the motion to exclude Plaintiff's Exhibits 50 and 51 (letters from Prison Law Office) on the grounds of hearsay. Fed. R. Evid. 802.

The Court DENIES the motion to exclude Plaintiff's Exhibit 53 (Warden Prunty

1  Memo 9/17/96) regarding the procedures that Baines alleges were in effect at the time of the
2  incident at issue in this case.  This same material is covered in two other exhibits but they
3  would require extensive redaction and thus might confuse the jury; consequently, the Court
4  GRANTS the motion to exclude Plaintiff's Exhibits 26 and 52 (memo and letter from
5  Warden Prunty).  The Court DEFERS UNTIL TRIAL the motion to exclude Plaintiff's
6  Exhibits 22 to 25 and 27 to 28 (staff training and procedures on integration policy and
7  exercise yard).  These documents are not dated; however, Plaintiff states that he lay a proper
8  foundation by questioning the guards, in particular G.J. Janda, about the dates of these
9  documents and show that the policy discussed was in-effect on an informal basis beginning
10 September 1996 and was followed by the prison before the official effective date in January
11 1997.[2]

12        The Court DEFERS UNTIL TRIAL the motion to exclude Plaintiff's Exhibits 54 and
13 55 (memos on disciplinary detention).  The blank, undated forms are irrelevant; however,
14 Baines states that he will be able to lay a foundation for the admission of these documents by
15 questioning a witness at trial.

16        The Court DENIES the motion to exclude Plaintiff's Exhibits 56 to 64 and 84, which
17 are the admissions of current and former defendants in this action. Fed. R. Civ. P. 36.  The
18 Court cautions Baines that he should select the most relevant portions since the time to
19 present the case to the jury will be limited.

20        The Court DENIES IN PART and GRANTS IN PART the motion to exclude
21 Plaintiff's Exhibits 68 to 73 (Crime/Incident, Rules Violation, and Medical reports of the
22 December 22, 1996 incident).  These are analogous to police reports that are kept in the
23 ordinary course of the public agency and are admissible to the extent that they report facts.
24 Fed. R. Evid. 803(8) (public records exception to hearsay); *see Montiel v. City of Los*
25 *Angeles*, 2 F.3d 335, 341-42 (9th Cir. 1993); *United States v. Orozco*, 590 F.2d 789 (9th Cir.
26 1979).  Those portions containing opinions, conclusions, or hearsay statements are excluded

---

[2] The Court reminds Plaintiff that he may argue that the prison did not follow the integration policy on the date of the incident, but he may not argue that that policy is flawed. *Order* (Aug. 16, 2006) [# 322].

1  and must be redacted. *See Freitag v. Ayers*, 468 F.3d 528, 541 n.5 (9th Cir. 2000); *Gilbrook*
2  *v. City of Westminster*, 177 F.3d 839, 858-59 (9th Cir. 1999).

3  The Court DENIES the motion to exclude Plaintiff's Exhibit 75 (Use of Force report).
4  Defendants contend that the undated policy document is irrelevant; however, Baines states
5  that he requested the document in his request for production of documents. Unless
6  Defendants specified that they qualified their answer to clarify that the document was not in
7  use at the time of the incident at issue, then the document is relevant to show that Defendants
8  failed to follow the procedure in place at the time of the incident.

9  The Court GRANTS the motion to exclude Plaintiff's Exhibit 77 (Ad Seg Isolation
10 Log). Because the pages from December 13, 1996 to January 1, 1997 are missing, the
11 balance of the document is irrelevant. Fed. R. Evid. 402. Because Defendants did complete
12 many reports describing the incident in the exercise yard, the introduction of many other,
13 unrelated incidents would confuse the jury. Fed. R. Evid. 403.

14 The Court GRANTS the motion to exclude Plaintiff's Exhibit 85. The discussion of
15 procedures at a different prison, Corcoran, are irrelevant to the incident at issue in this case at
16 Calapatria. Fed. R. Evid. 402.

17 The Court GRANTS the motion to exclude Plaintiff's Exhibit 87. The Declaration
18 that Robin Hunt prepared in connection with the summary judgment motion is irrelevant.
19 Fed. R. Evid. 402. The jury will be shown the video tape of the incident and both parties can
20 question the witnesses about the event. The Court DENIES the motion to exclude R. Hunt as
21 a witness at trial, but again reminds Plaintiff that his presentation will be subject to time
22 limits.

23 The following chart summarizes the Court's rulings:

| Plaintiff's Exhibits 1-7, 12-15, 19, 26, 30-38, 41-52, 77, 80, 85, & 87 | Excluded – Defendants' Motion Granted |
|---|---|
| Plaintiff's Exhibits 22-25, 27-28, & 54-55 | Received in Evidence upon Proper Offer of Proof |

| | |
|---|---|
| Plaintiff's Exhibits 16-18, 53, 56-64, 75, & 84<br>Plaintiff's Witnesses H. Grant, P. Cooper, Valencia, & R. Hunt | Admissible – Defendants' Motion Denied |
| Plaintiff's Exhibits 29 & 68-73 | Granted in part and denied in part – Exhibit to be redacted to the relevant passages |
| Plaintiff's Exhibits 20 & 74 | Excluded but may be used in Cross Examination or for Impeachment Purposes |
| Plaintiff's Exhibits 62, 64, 76, & 83 | Excluded by Stipulation |
| Plaintiff's Exhibits 39 & 40<br>Plaintiff's Witnesses S. Lee & W. Brumbaugh | Deferred for consideration with the separate motion on witness Steven Lee |

## Conclusion

Upon due consideration of the parties' memoranda and exhibits, the arguments of counsel, a review of the record, and for the reasons set forth above, the Court grants in part and denies in part Defendants' Motion *In Limine* to Exclude Plaintiff's Exhibits and Witnesses at Trial.

The Court provided Defendants with a list of the available Magistrate Judges, and instructed counsel to mail the list to Plaintiff. If Plaintiff decides to consent to a jury trial by a Magistrate Judge, he shall submit three names to Defendants on or before **October 31, 2007**. Defendants may then select the Magistrate Judge from those three names, and promptly notify the Court of the selection. The Court will then arrange for the case to be referred to that Magistrate Judge for trial setting. (The Clerk shall attach a "Consent to Exercise Jurisdiction by a U.S. Magistrate Judge and Order of Reference" Form to this Order.)

IT IS SO ORDERED.

DATED: October 11, 2007

Hon. Rudi M. Brewster
United States Senior District Judge

cc: all parties (with attachment)
 *Magistrate Judge Adler